PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RASHOD COSTON,

       Plaintiffs,

  v.                                    20-CV-60-LJV
                                        ORDER

COMMISSIONER of NYSDOCCS, et al.,

       Defendants.
_____

      The *pro se* plaintiff, Rashod Coston, is confined at the Elmira Correctional Facility. He has filed a complaint asserting claims under 42 U.S.C. § 1983. Docket Item 2. He also has moved to proceed *in forma pauperis*. Docket Items 10 and 13. And he has asked for leave to amend his complaint and for this Court to appoint counsel for him. Docket Items 8, 11, and 12.

      Because Coston meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification, *see* Docket Items 1, 10, 13, the Court grants his motion to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must screen the complaint. But because Coston has moved to amend the complaint, the Court first considers that motion.

## DISCUSSION

### I.    MOTION TO AMEND

      Coston has moved to amend the complaint. Docket Item 8. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before the responsive pleading is

served." The complaint in this action was transferred to this Court only recently, it has not been served on any of the defendants, and no responsive pleading has been filed or served. Accordingly, Coston's motion is granted. The Court defers screening until the amended complaint is filed.

## II.     COUNSEL REQUEST

Coston also has asked this Court to appoint counsel for him. Docket Item 11 and 12. In deciding whether to appoint counsel, courts first assess the indigent plaintiff's likelihood of success on the merits of his claim. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel." *Id.*

This action was commenced only recently. The defendants have not yet answered the allegations in the complaint, so the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are Coston's bare allegations. Moreover, Coston has asked to amend the complaint, preventing this Court from evaluating the merits of claims that may be amended. At this stage, the Court therefore lacks sufficient information to consider the factors stated in *Hodge*. Coston's request for appointment of counsel accordingly is denied without prejudice as premature.

## **CONCLUSION**

Because Coston meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification, the Court grants his request to proceed *in forma pauperis*. The Court also grants his motion to amend. Coston is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Coston's motions to proceed *in forma pauperis*, Docket Items 10 and 13, are GRANTED; and it is further

ORDERED that the Clerk of Court shall reinstate Coston's action; and it is further

ORDERED that Coston's motions for the assignment of counsel, Docket Item 11 and 12, are DENIED as premature; and it is further

ORDERED that Coston's motion to amend the complaint, Docket Item 8, is GRANTED; Coston may amend his complaint **within 45 days of the date of this order;** and it is further

ORDERED that the Clerk of the Court shall send to Coston, along with this order, a copy of the docket sheet; the original complaint and addendum, Docket Items 2 and 4; a blank section 1983 complaint form; and the instructions for preparing an amended complaint; and it is further

ORDERED that Coston shall notify the Court in writing if his address changes. The Court may dismiss the action if Coston fails to do so.

SO ORDERED.

Dated:   May 5, 2020
         Buffalo, New York

                                      */s/ Hon. Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE