PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHOD COSTON,

       Plaintiffs,

v.                                                                                  20-CV-60
                                                                                    DECISION & ORDER
COMMISSIONER of NYSDOCCS, et al.,

       Defendants.

---

RASHOD COSTON, et al.,

       Plaintiffs,

v.                                                                                  20-CV-91
                                                                                    DECISION & ORDER
COMMISSIONER of NYSDOCCS, et al.,

       Defendants.

---

On January 2, 2020, the *pro se* plaintiffs in case number 20-cv-91—sixteen prisoners then confined at the Elmira Correctional Facility—filed a complaint asserting claims under 42 U.S.C. § 1983. Case No. 20-cv-91, Docket Item 2. That same day, one of those plaintiffs—Rashod Coston—filed a separate complaint alleging similar claims only on his own behalf. Case No. 20-cv-60, Docket Item 2. At that time, none of the plaintiffs had paid the filing fee or submitted a complete application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it).

On February 5, 2020, this Court ordered the Clerk of Court to administratively terminate case number 20-cv-60 but granted Coston thirty days to amend his motion to proceed *in forma pauperis* and thereby reopen that action. Case No. 20-cv-60, Docket Item 6. On February 24, 2020, Coston amended his motion to proceed *in forma pauperis* in case number 20-cv-60. Case No. 20-cv-60, Docket Item 10.

On March 11, 2020, this Court ordered the Clerk of Court to administratively terminate case number 20-cv-91 but granted the plaintiffs thirty days to amend their motions to proceed *in forma pauperis* and thereby reopen that action. Case No. 20-cv-91, Docket Item 15. To do so, the Court explained, either (a) *each plaintiff* would need to submit a properly-supported motion to proceed *in forma pauperis* along with the required certification of his inmate trust fund account (or institutional equivalent) and authorization form, or (b) the plaintiffs collectively would need to pay the $350.00 filing fee and the $50.00 administrative fee ($400.00 total, paid once on behalf of all plaintiffs). *Id.* at 7.

On March 25, 2020, Coston amended his motion to proceed *in forma pauperis* in case number 20-cv-91. Case No. 20-cv-91, Docket Item 19. He also moved to amend the complaint in both actions. Case No. 20-cv-60, Docket Item 8; Case No. 20-cv-91, Docket Item 9.

On May 5, 2020, the Court granted both motions to amend, gave Coston 45 days to amend the complaints, and deferred its screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) until after Coston filed the amended complaints. Case No. 20-cv-60, Docket Item 14; Case No. 20-cv-91, Docket Item 20. The Court terminated the

remaining plaintiffs in case number 20-cv-91, as they had not moved to proceed *in forma pauperis* or paid the filing fee.  Case No. 20-cv-91, Docket Item 20 at 4.

On May 27, 2020, Coston moved in case number 20-cv-91 for an extension of time for the remaining plaintiffs to either pay the filing fee or move to proceed *in forma pauperis*.  Case No. 20-cv-91, Docket Item 21.[1]  In his motion, Coston also suggested that the Court may wish to "examine and explore if . . . the two actions (20-cv-60, 20-cv-91) are similar enough to combine and consolidate."  *Id.* at 8.

That same day, Coston moved for an extension of time to amend his complaint in case number 20-cv-91.  Case No. 20-cv-91, Docket Item 23.  He attached three exhibits in support of his motion.  *See id.* at 5-27.  Exhibit 1 consists of Coston's medical records, *id.* at 5-12; Exhibit 2 consists of Coston's administrative grievances regarding "misplaced/lost legal documents and materials and lack of law library and legal resources due to [the] COVID-19 pandemic" and prison officials' responses to those grievances, *id.* at 13-24; and Exhibit 3 consists of an affidavit of service and verification for a previous filing, *id.* at 25-27.

On June 19, 2020, Coston moved for "[e]quitable tolling for any filing while in [Special Housing Unit ('SHU')] status."  Case No. 20-cv-60, Docket Item 15 at 1; Case

---

[1] Although Coston titled his motion as "objections to and motion for reconsideration from decision and order ECF No. 20," he appears to seek only an extension of time for the other plaintiffs to file their motions to proceed *in forma pauperis* so that they may be reinstated as plaintiffs.  *See* Docket Item 21 at 5-6 ("Here, Plaintiffs do not attempt to relitigate issues discussed or raised, but, rather, advance information constituting 'availability of new evidence,' and a need to correct clear error and to prevent manifest injustice" because they "were not properly contacted and notified to be permitted the opportunity to comply with this Court's decision and order to fill out and submit [*in forma pauperis*] applications.").  Thus, the Court construes this filing as a motion for extension of time.

No. 20-cv-91, Docket Item 24 at 1.  He also moved to seal the "medical records and communica[tions] of administrative remedies and responses" that he had filed previously.  Case No. 20-cv-60, Docket Item 15 at 2; Case No. 20-cv-91, Docket Item 24 at 2.[2]

For the reasons that follow, the Court consolidates case numbers 20-cv-60 and 20-cv-91 under case number 20-cv-91; grants in part and denies in part Coston's motions for extension of time; and grants in part and denies in part Coston's motion to seal.

## DISCUSSION

**I.  CONSOLIDATION**

The Court has determined that Coston's two actions—case numbers 20-cv-60 and 20-cv-91—involve common questions of law and fact.  More specifically, both complaints allege, among other things, that Coston was placed in the SHU in December 2019 in violation of his constitutional rights.  *See* Case No. 20-cv-60, Docket Item 2 at 5; Case No. 20-cv-91, Docket Item 2 at 3.  The Court therefore consolidates these actions under Rule 42(a)(2) of the Federal Rules of Civil Procedure.  Accordingly, the Clerk of Court shall consolidate 20-cv-60 and 20-cv-91 under case number 20-cv-91 and close

---

[2] In his motion, Coston also notes that he was transferred to the SHU at the Collins Correctional Facility.  Docket Item 24 at 1.  Accordingly, the Clerk is directed to update Coston's address to "Rashod Coston, DIN 19B2928, Collins Correctional Facility, P.O. Box 340, Collins, NY 14034-0340."  *See id.* at 3.  Coston is reminded of Local Rule of Civil Procedure 5.2(d), which requires that "[t]he Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice."  Local Rule of Civil Procedure 5.2(d).

the case bearing number 20-cv-60.  **All further docketing shall occur only in case number 20-cv-91**.

## II.     MOTIONS FOR EXTENSION OF TIME

### A.     Motions to Proceed *In Forma Pauperis*

Coston raises issues in receiving legal mail and asks for an extension of time for the remaining plaintiffs to move to reinstate their claims by either paying the filing fee or moving to proceed *in forma pauperis*.  Docket Item 21.  Coston also asks this Court to "initiate a search[ ] that takes exceedingly minimal diligence, to easily and readily locate those inmates and afford them a full and fair opportunity to comply with this Court's decision and order[ ]."  *Id.* at 12.  He notes that while the addresses on file indicate that all the plaintiffs are located at the Elmira Correctional Facility, "a search of the 'NYSDOCCS.gov' database discloses that all plaintiffs are confined at numerous [New York State Department of Corrections and Community Supervision ('NYSDOCCS')] facilities and *not* Elmira Correctional Facility."  *Id.* at 6 (emphasis in original).

Although Coston cannot serve as counsel for, and therefore cannot request relief on behalf of, anyone but himself, the Court *sua sponte* grants an extension of time for the remaining plaintiffs to move to reopen their cases by either paying the filing fee or moving to proceed *in forma pauperis*; they may do so **within 60 days of the date of this decision and order.**  Moreover, the Clerk of Court shall mail the following to each plaintiff **at both the address on file and—if different—the address shown in the NYSDOCCS database**:  a copy of this decision and order; a copy of this Court's order dated March 11, 2020, Docket Item 15; a copy of this Court's order dated May 5, 2020, Docket Item 20; a *pro se* packet; and a form motion to proceed *in forma pauperis* with

5

supporting affirmation.  Each plaintiff shall indicate his current address in any future filings as required by Local Rule of Civil Procedure 5.2(d).  Coston's motion on behalf of the other inmates is denied.

###    B.     Amended Complaint

Coston also seeks additional time to file amended complaints.  *See* Case No. 20-cv-91, Docket Item 23 at 4 ("requesting at least 90 days for an opportunity to be able to prepare, draft[,] and submit an amended and supplemental complaint"); Case No. 20-cv-60, Docket Item 15 at 3; Case No. 20-cv-91, Docket Item 24 at 3 (requesting "[e]quitable tolling for any filing while in SHU status").  The Court hereby grants Coston an additional **90 days from the date of this decision and order** to file a consolidated amended complaint.[3]

**Coston may file only a single consolidated amended complaint in case number 20-cv-91 that addresses all his claims in both actions (20-cv-60 and 20-cv-91).**  Coston is advised that an amended complaint is intended to ***completely replace*** the prior complaints in these actions and thus "renders [any prior complaints] of no legal effect."  *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the

---

[3] If Coston remains in the SHU and needs additional time, he may move for a further extension.

6

defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this consolidated action.

### III.  MOTION TO SEAL

The standard for deciding a motion to seal depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Thus, "a strong presumption of public access" attaches to "evidence introduced at trial or in connection with summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  The Second Circuit has held that "continued sealing of [such] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 47 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

"[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine*," however, "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50.  "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*  This district's Local Rule of Civil Procedure 5.3(a) similarly states that "[e]xcept where restrictions are imposed by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access."

Here, Coston seeks to seal the "medical records and communica[tions] of administrative remedies and responses" that he filed in support of his motion for extension of time. Case No. 20-cv-60, Docket Item 15 at 2; Case No. 20-cv-91, Docket Item 24 at 2. He explains that these documents "reveal and disclose sensitive and intimate medical and legal details." Case No. 20-cv-60, Docket Item 15 at 2; Case No. 20-cv-91, Docket Item 24 at 2.

"[C]ourts routinely file medical records under seal . . . to protect [the] plaintiff's privacy interests in his medical records." *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010). Particularly because Coston submitted the medical records at issue only in support of a motion for extension of time, the Court finds that there is good cause to seal them. If these documents are later used or submitted for a different purpose, the Court will analyze whether the public's interest in the material outweighs Coston's privacy interest at that time.

With respect to Coston's grievances, however, Coston has not "articulate[d] specific and substantial reasons" why they should be sealed. *See Brown*, 929 F.3d at 49. Although he claims that they contain "sensitive . . . legal details," it is unclear why such details are confidential. *Cf. Jackson v. Berkey*, No. 3:19-CV-6101-BHS-DWC, 2019 WL 6474752, at *3 (W.D. Wash. Dec. 2, 2019) (finding that the plaintiff had not shown good cause to seal documents that were not, as he claimed, "mental health records, but [were instead] health services requests and grievances").

The documents do not contain any material protected by attorney-client privilege, for example. Nor has Coston alleged that he is at any risk due to the public filing of the grievances or that they were filed by a third party and included information about him.

*Cf. Valenzuela v. Monson*, No. CV1905162PHXMTLMHB, 2020 WL 1812043, at *5 (D. Ariz. Apr. 8, 2020) (granting motion to seal the plaintiff's prison grievances where the plaintiff argued that the "grievances should be filed under seal to protect her from threats by other inmates"); *Cofield v. Maydole*, No. 213CV02032TLNCKDPTEM, 2016 WL 993579, at *2 n.1 (E.D. Cal. Mar. 14, 2016), *report and recommendation adopted*, No. 2:13-CV-2032 TLN DB, 2017 WL 56889 (E.D. Cal. Jan. 5, 2017) (granting request to seal grievance that was "written by a third-party inmate, . . . include[d] the inmate's name and identification number, and . . . concern[ed] events not even remotely at issue in this case").

Thus, this Court denies Coston's request to seal Exhibit 2. This ruling is without prejudice to Coston's renewing his motion to seal if he can present "specific and substantial reasons" why the grievances contain sensitive information and should be sealed.

Accordingly, this Court grants Coston's request to seal Exhibit 1 to his motion for an extension of time and denies his request to seal Exhibit 2. **The Clerk of Court shall place Docket Item 23 in case number 20-cv-91 under seal. The Court has attached to this decision and order a redacted version of Docket Item 23, which the public will be able to access.**

## CONCLUSION

For these reasons explained above, this Court hereby CONSOLIDATES case numbers 20-cv-60 and 20-cv-91 under case number 20-cv-91; GRANTS IN PART AND DENIES IN PART Coston's motions to extend time, Case No. 20-cv-60, Docket Item 15, and Case No. 20-cv-91, Docket Items 21, 23, and 24; and GRANTS IN PART AND

9

DENIES IN PART Coston's motion to seal, Case No. 20-cv-60, Docket Item 15; Case No. 20-cv-91, Docket Item 24.

**ORDER**

In light of the above, IT IS HEREBY ORDERED that Clerk of Court shall consolidate case numbers 20-cv-60 and 20-cv-91 under case number 20-cv-91 and close the case bearing number 20-cv-60; and it is further

ORDERED that **all further docketing shall be made in case number 20-cv-91**; and it is further

ORDERED that this Court DENIES Coston's motion to extend time on behalf of others, Case No. 20-cv-60, Docket Item 15: and GRANTS his motions to extend time on his own behalf, Case No. 20-cv-91, Docket Items 21, 23, and 24; and it is further

ORDERED that this Court *sua sponte* grants an extension of time for the remaining plaintiffs to move to reopen their cases by either paying the filing fee or moving to proceed *in forma pauperis*; if the plaintiffs who have been terminated wish to reinstate their claims, they shall so notify this Court, in writing, no later than **60 days from the date of this decision and order**. This writing must include either (a) *for each plaintiff*, a properly-supported motion to proceed *in forma pauperis* along with the required certification of the plaintiff's inmate trust fund account (or the institutional equivalent) and authorization form, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total, paid once on behalf of all plaintiffs); and it is further

ORDERED that the Clerk of Court shall mail the following to each of the terminated plaintiffs **at both the address on file and—if different—the address shown in the NYSDOCCS database**: a copy of this decision and order; a copy of this

Court's order dated March 11, 2020, Case No. 20-cv-91, Docket Item 15; a copy of this Court's order dated May 5, 2020, Case No. 20-cv-91, Docket Item 20; a *pro se* packet; and a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

ORDERED that Coston has **90 days from the date of this order to file in case number 20-cv-91 a single consolidated amended complaint addressing all his claims in both actions**; and it is further

ORDERED that this Court GRANTS IN PART AND DENIES IN PART Coston's motion to seal, Case No. 20-cv-60, Docket Item 15; Case No. 20-cv-91, Docket Item 24; **the Clerk of Court shall place Docket Item 23 in case number 20-cv-91 under seal**; this Court has attached to this decision and order a version of Docket Item 23 with Exhibit A redacted; and it is further

ORDERED that the Clerk of Court shall change Cotson's address to: "Rashod Coston, DIN 19B2928, Collins Correctional Facility, P.O. Box 340, Collins, NY 14034-0340."

SO ORDERED.

Dated:   July 8, 2020
         Buffalo, New York

　　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE